This court now resumes its session. Well good afternoon to all assembled and I'm Judge Gould presiding and sitting with Judge Bennett and Judge Nelson and our advocates should be able to see us on their screens. I first want to say that on behalf of the panel we thank Mr. Zuberi and Mr. Campbell for appearing remotely. Also the appellant here represented by Mr. Campbell. Um should try to stop if you can with before your 15 minutes is gone if you want to do rebuttal argument but for both you and Mr. Zuberi have probably already spilled the beans that I'm a so without more discussion we should proceed to the appeal and appellate counsel Mr. Campbell could please proceed. Thank you um may it please the court counsel this is Bruce Campbell representing the appellant Scott Griffith Cooperative or I'm sorry Collaborative Solutions. With the court's permission I'd like to ask for five minutes for rebuttal. Okay watch the clock and I'll try to remind you uh if I notice you've gone past. Thank you Judge Gould. The principal question on appeal is whether the district court committed error in ruling that SGCS could not bring a an anti-slap defense an anti-slap claim against folks an anti-slap motion I'm sorry against false claims which have been transferred from the northern district of Texas under the first to file rule and the question has been treated by the parties and by the court below as one involving a choice of law and essentially should the district court apply the the law of Texas the which is the Texas anti-slap law which is the TCPA or the California anti-slap rule and question before we get there yes um the the district court granted a motion to amend the complaint below right correct why doesn't that move this out if we give you relief well first of all have you appealed the the grant the district court's grant of the most assuming you could have you appealed the district court's uh grant of the motion to amend the complaint no your honor we have not and why does why isn't that the beginning and the end of this case because if any relief we give you will apply to a non-operative complaint well your honor I still think the any ruling that the court could make would have a practical effect on the rights of the parties well I don't disagree with you but uh lots of uh I mean that's the whole reason we have appellate jurisdiction is we don't you know there's a rule of finality and we don't just delve into cases that can you know with with certain exceptions uh that could you know practically benefit the parties and I'm not sure what exception this applies assume I know you've argued some exceptions here but I'm wondering if all those exceptions are just uh uh you know mooted out if you will by the the amended complaint are you aware of any time where a a court of appeals has addressed an appeal on a non-operative complaint after it's been your honor but I think if the if the amended complaint is um materially the same as the complaint that's being challenged on appeal and so the issues would overlap counsel you you filed so the second amended complaint was filed correct correct and and you filed a motion to dismiss right um the motion the motion on appeal is against the the first amended complaint no I understand what the motion on appeal was but I'm asking you what happened in the district court a second amended complaint was filed and you filed a motion to dismiss right um that's my understanding I need to confirm that in the record but that's okay and my my understanding was that the slap suit issue was not raised as a ground um to dismiss but but even if I'm wrong on that if you have a second amended complaint and it suffers from the same problem that it violates the the relevant slap suit provision and you make that a ground to dismiss and you lose and you think that's the slap suit order is an appealable collateral order why wouldn't you appeal the ruling of the court not to dismiss the second complaint um the one that's been filed and operative why would you move to dismiss something that isn't extant anymore I mean why would you appeal something that isn't extant anymore um yeah I'd have to check the timing exactly but I believe that um the the motion the appeal was taken um I'm not sure which happened first in time whether the appeal was taken or the second amended complaint was filed so um I could um when council argues um on behalf of FOLIC I could I could take a look and verify in the record but what I was going to say is given um we filed supplemental authority with the court um yesterday I don't know if it's reached the court yet it has reached the panel but it yeah we got it I I don't I I'm interested in what you have to say it didn't look like it was relevant at all to the case well I think it is relevant your honor in the sense that um let's set aside you know potential waiver issues but it certainly um the it's the Clifford versus Trump case and in that case the 9th circuit um in a memorandum disposition said that the um it could consider a anti-slap um motions you know that are based on the law of other jurisdictions outside the 9th circuit and here specifically it said it could consider the the Texas anti-slap law because it's really an issue of 9th circuit procedure not state law whether or not right but the district court below I mean let's assume we even have jurisdiction over an unoperative complaint the district court below never made a ruling on the anti-slap provision now if that's immediately available that's fine but I mean it seems to me that even under your theory this alternative theory you'd still have to go back and get a ruling from the court I mean is anti-slap statute says but um you would still have to get a ruling on the the applicability of the anti uh you know the anti-slap statute whether it's California or Texas and that didn't happen did it no your honor we never the the district court never decided the merits because what what the district court ruled was and this is before um the the anti-slap motions have been filed before Clifford was issued and so the parties uh both parties and the court I think were under the assumption that if it if Texas law applies then there can be no anti-slap because the 5th circuit does not allow anti-slap okay so even if you're right about that I still don't understand how that's a rationale for us to jump into this I mean I haven't heard a single hook for jurisdiction that we have uh over this appeal because even if you're right that Texas has that go back and fight that out in the district court well your honor that's what I wasn't offering that as a as a excuse as to why the court has to or justification why the court has jurisdiction I think it it all points whether it's a lack of jurisdiction or um a you know superseding law that changes or at least clarifies what the the ability to bring an anti-slap claim or anti-slap motion in in the 9th circuit whether it's based on California state law or the law of other states and other circuits I think all of that would point back to taking it back to the district court and starting over okay so are you now suggesting we should I mean maybe we've just resolved this case and well maybe we're done I mean because I agree with you I I think we should I mean one way or another we need to send this case back I don't think we have jurisdiction and it sounds like you're not fighting us on that I I I suppose that I think that let's say that we had the issues fully teed up in the district court I mean I I guess I don't know if it really matters much because the district court did not consider the merits and so I had the district court consider the merits of the anti-slap motion and denied it and and then there was a subsequent amendment to the complaint um that that's a little trickier issue because I think it's possible I'm sorry yes let me just about how we could have jurisdiction on a matter relating to a complaint that's already been superseded so if the second amendment complaint if that amendment complaint has been filed I'm not seeing how we have jurisdiction to do anything here although we could but only if both parties wanted us to do this we could if you if you and Mr. Zabari both agreed that it would be constructive to let you use the Ninth Circuit's facilities to mediate and see if you can resolve this before it goes back I think we would be able to do that but uh just as one speaking as one judge I don't see where we get jurisdiction here um your honor I think that's an excellent suggestion uh I I'm fairly I brought was brought into the case fairly recently so I don't have the history to know whether you know what prior attempts have been made at mediation and whether mediation would be something that um that would be worthwhile I I generally tend to think that it's always worthwhile and I've had cases resolved by the Ninth Circuit mediator several times before and so that's something that I think we would not be averse to and counsel just for your for your rebuttal time uh if if I've gone back and correctly looked at the record the second amended complaint was filed on April 7th of this year and the notice of appeal was filed on April 26th of this year okay well I guess so I guess the notice of you know the second amendment complaint did beat the notice of appeal then um but I I would say if we weren't if jurisdiction were the only issue you know that this may be a case where you have if a district court or a party can just plead around um a an issue and and circumvent and thwart a right to appeal then it effectively can negate appellate review and I think that that that becomes problematic I'm not suggesting that's the case here especially because we have a situation where the the district court did not consider the merits of the anti-slap motion and if this I guess if the court lacks jurisdiction it lacks jurisdiction and it can't really opine on what should happen in the district court you're correct about that yeah um unfortunately uh but it would be it would be um I think we will be going back down to the district court with a new set of arguments in the sense that you know based on the Clifford case and yeah that you may you may have that right right but that doesn't seem to be before us um yeah and I recognize I brought it to the court's attention fairly late but um but it's not too late to you know remand to raise that with the district court so um I guess I'd like to reserve my remaining time and um that's fine for my esteemed opposing counsel that's that's fine we'll hear from Mr. Shabari now uh good afternoon your honors may it please the court um you know uh Faisal Shabari on behalf of the plaintiff appellees the fault companies for appearing without waiving their jurisdictional objections of course uh we we agree with the court's observations about the mootness of this appeal in light of the filing of the amended complaint we cited this court's very recent decision in the exceltis case in our brief which held in exactly the same circumstances that another appeal was mooted by the filing of an amended complaint this amended complaint was filed before the appeal and um the appellant actually responded to the amended complaint before the appeal was filed as well in addition to the mootness issue there's an alternative jurisdictional concern that we raised in our briefing which is this is an improper attempt to seek an interlocutory appeal from a choice law ruling without first seeking certification under 1292b appellant fails to cite a single case in which this court has taken up a choice of law review on an interlocutory appeal under the collateral order doctrine and even if the case wasn't moot um the rare instances in which the ninth circuit has ever taken up a choice of law issue on an and 1292b certification was not sought in this case um this court also recently in the brazil decision that we cite also held that there isn't an immediate right to an interlocutory appeal in in the event of a denial of an anti-slap motion whereas here a 425.17 exemption applies and while a 425.17 exemption specifically the commercial speech exemption applies in this case the district court did not even have the opportunity to consider the issue of the exemption and instead denied the motion on an even more preliminary and threshold choice of law ruling certainly if the appellant does not have the right to appeal the issue of an exemption so too should the appellant not have the right to appeal an even more preliminary and threshold choice of law ruling while this court has taken up the denials of anti-slap motions for interlocutory appeal under the collateral order doctrine in certain circumstances those circumstances do not exist in this case this court in Planned Parenthood which has become the seminal case in the ninth circuit on the anti-slap law held that it did have interlocutory review but only where the district court actually engaged in the two-pronged california anti-slap analysis the district court didn't engage in that analysis here there was no determination regarding whether the conduct alleged in the complaint constitutes protected activity and if so whether the plaintiffs had adequately pleaded their claims or whether plaintiffs had demonstrated a likelihood of success based on either the rule 12b or rule 56 standard whichever applies even the cases that the appellant site in support of their request for collateral review outside of the anti-slap arena hold that the doctrine must be narrowly construed both the solar city and the and the commissioner of the irs versus jt usa cases that are cited by the appellant on reply caution against too liberally applying the collateral order doctrine because once you grant an order collateral order status once you grant a ruling collateral order status all similar orders become subject to review under the collateral order doctrine and while we submit that it would be appropriate to revisit the issue of whether or not it is ever appropriate to take an appeal on an interlocutory basis from the denial of an anti-slap motion under the collateral order doctrine it certainly doesn't make sense to expand the scope of available review to also include choice of law rulings while this court and planned parenthood continues to apply and it continues to allow for immediate interlocutory appeals in certain circumstances it only does so in circumstances that don't exist here in fact the concurrence in planned parenthood went on to note and question whether it's appropriate to ever allow for interlocutory appeal from the denial of an anti-slap motion because among other things it appears to conflict with the federal rules it doesn't comply with the traditional collateral order doctrine factors because an anti-slap ruling necessarily involves an examination of the merits and because it's like we have in this case unless the panel wants me to address anything else on jurisdiction or unless the panel doesn't think it's necessary i was the only question maybe this will if we rule that if we rule that an amended complaint moots out an appeal of a prior complaint that that's all we have to do in this case right i mean that wouldn't leave anything else standing none of other alternative arguments would we would need to address that is correct you are okay i have one comment of course if we dismiss the case you go back before the district court so my practical question is whether you mr zyberi would think it would be useful to to mediate it in the ninth circuit before we send it back you of course can mediate in the district court or privately or if there's a second appeal that comes back to us but but i was just thinking if both of you wanted to use our mediation then maybe my colleagues would go along with that though i can't speak with them your honor i would need to seek instruction from my client on that issue the challenge we would have is even if we chose to mediate within the ninth circuit appellate panel the underlying cases are still progressing at very rapid speed we have a hearing in those cases this friday we have multiple depositions scheduled so you know it might make sense to mediate if all of that weren't going on but if that's still going on then it wouldn't so we would need to take instruction from the client and also probably confirm with opposing counsel to see counsel can i can i ask i mean i'm always interested in this question because usually when an appeal is taken it divests the district court of jurisdiction at least as the issues that are covered by the appeal this appeal seems to cover the whole case why why is the district court gone forward in proceedings while there's an appeal pending so so there are claims that weren't the subject of the anti-slap motion number one and there's also a related lawsuit that was filed by the appellants and we didn't file an anti-slap motion with respect to that lawsuit we believe that the issues are and that was consolidated with this or they were consolidated for the purposes of discovery discovery okay thank you so so counsel would i mean this is probably neither here nor there but i did take a look at the district court docket and uh i didn't see but i wasn't really looking exactly for it any motion made to stay the entire case for lack of jurisdiction pending appeal was was any such motion ever made no i think a motion was filed to stay one of the cases but subsequently withdrawn by the appellant yeah thank you and one other observation i'd like to make you know we did look at the supplemental authorities that were belatedly submitted by the appellant last night and you know one of the concerns we had is the appellant is trying to reframe the issues on appeal and they're issues that have already been conceded um you know the district court in its own ruling recounted that at volume in the excerpts of records volume one page nine quote because sgc does not even discuss texas choice of law analysis or respond to plaintiffs argument that the motion is not viable if the texas anti-slap statute governs the issue has been conceded appellants in their opening brief on page 33 argue that while quote a motion to strike under the california anti-slap statute can be brought in federal court a motion to strike under the tcpa which is the texas anti-slap cannot the clifford decision came down before this appeal was ever filed we think the clifford decision is incorrect and distinguishable several bases um not only has the fifth circuit refused to apply the texas anti-slap statute in federal court because it conflicts with the federal rules but the texas supreme court in the case we cite at footnote eight of our brief castleman noted substantial differences between the texas and the california anti-slap the district court was correct in its application of the vandusen rule to first to file transfers that the law of the transfer or court should apply an appellant should not be able to take advantage of a change in law because it sought a transfer if we grant appellants the right to pursue any anti-slap motion at this juncture we're going to be rewarding the appellants for form shopping and that's precisely what this court in commercial money in its correct ruling and the supreme court in vandusen wanted to protect against when they applied the vandusen rule to transfers under the first file rule um i know the court the ruling appears to be that there isn't jurisdiction i have several alternative arguments that can be made including because this case falls squarely within the commercial speech exemption um appellants fail to comply with this court's ruling in Planned Parenthood they've once again pursued an evidence-based anti-slap motion before discovery they reattached all of the same evidence that was previously attached to declarations to request for and cannot at the pleading stage supplant the well-pleaded facts of our complaint um you know even assuming arguendo that this court had jurisdiction this is an example of a frivolous anti-slap motion filed by out-of-state litigants who are engaged in blatant form shopping because they view the california anti-slap as some sort of silver bullet even assuming the california anti-slap applies appellants fail to account for the commercial speech exemption they disregarded this course ruling in Planned Parenthood this court's ruling in Planned Parenthood is vindicated by this case because despite pursuing an evidence-based anti-slap motion the appellant is now subject to a sanctions order for spoiling evidence that's relevant to its anti-slap arguments this is an extreme example of why this court's ruling in Planned Parenthood is so important and why this court shouldn't allow litigants to take advantage of a transfer in order to gain legal advantages they would other night otherwise not be entitled to in the original court in which this action was filed which is the only court that had both specific and general personal jurisdiction over the defendant in this case thank you and we're getting some some strange feedback like a mistress to bury mr campbell put their mics on mute from this i don't know if you can hear me now but now i'm not getting the feedback so well well thank mr subari for his argument if he's done and we'll let mr campbell have his rebuttal thank you uh judge cool well council's thrown out so many cast so many aspersions and thrown out so many arguments i'm not possibly going to be able to run those down in two minutes and 33 seconds especially because this court has essentially ruled that it doesn't have jurisdiction anyway and these are arguments that are really best presented to the district judge i will say though that we um i discovered this case on i came across it on monday it was you know we should have filed it earlier um but i guess even if the court lacked jurisdiction it wouldn't have made any difference anyhow but but you know our intention was to get the right law before this court and and i hear um folks saying that they don't want to have um they don't think that that the clifford case should even apply because the law has changed well when the law has changed you get the benefit of the new law and so if this case when it's remanded um whether or not california the anti-slap california anti-slap law applies or or texas um clifford clearly rules that either one is cognizable in the ninth circuit and and if if we questions about appealability and collateral order the collateral order doctrine i think we may be addressing that again on the second go around but um circling back to judge gould's suggestion we are sgcs is amenable to mediation and before that the ninth circuit mediator and um so we were we're willing to engage in that process okay thank you i think we should probably let the argument get come to conclusion and uh that wasn't gonna pitch a mediation order to my colleagues in conference unless you were both enthused about it there's a way to save time in the district court but i i don't hear that mr. superior at this stage feels he could endorse mediation although he would consult with his client if we ordered it so let me uh just say this case shall now be submitted and the parties will hear from us in due course and again we appreciate the advocacy from each of you thank you very much thank you your honor really appreciate it
judges: GOULD, BENNETT, NELSON